IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROGER SMITH,

    Petitioner,

v.       CASE NO. 1:05-cv-00178-MP-AK

CHARLIE CHRIST,
JAMES V. CROSBY,
MONICA DAVID,
JIM WITT,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

By prior Report and Recommendation, the undersigned recommended the dismissal of the Attorney General from this action, as he is neither Petitioner's custodian nor the party responsible for revocation of parole.  Doc. 33.  Petitioner objected to that recommendation, though he did not express that opposition to the undersigned at the time, *see* Doc. 28, and the Court has vacated the R&R and remanded this matter to the undersigned to "determine if Petitioner's argument and other objections have any effect on the propriety of dismissing the Attorney General as a party."

In Ground 5, Petitioner charges that he was "denied judiciary process by the 3rd Judicial Circuit, Lafayette County, Florida, and the First District Court of Appeals in Florida."  Doc. 16 at 25 of 27.  He concludes: "Ultimately neither the circuit court in habeas corpus proceedings,

nor the appellate court in certiorari proceedings, afforded the Petitioner proper review of the Respondents' revocation, the Respondents' procedures, or the Respondents' compliance with due process." *Id*. at 26 of 27. He requests that this Court find the lower courts "had a duty to ensure the Respondents' action of revocation complied with the United States Constitution under the 14th Amendment." Doc. 16, Amended Mem. at 27 of 41. According to his objections to the R&R, this raises " a valid Due Process claim against the State Courts for failure to exercise their Writ Powers on behalf of the Petitioner," and because the Attorney General has the duty to represent the state courts, he is a "bona fide party" to this action. Doc. 35.

This argument is patently frivolous. The proper respondent in a habeas proceeding is the petitioner's custodian. *See* 28 U.S.C. § 2242 (petition for writ of habeas corpus shall name person who has custody over him); § 2254 Rule 2(a) (if petitioner is in custody under state-court judgment, petition must name as respondent state officer who has custody). Because the instant petition seeks relief based on actions by the Florida Parole Commission, it is also appropriate to name it or its chairperson as a respondent. *See Thomas v. Crosby*, 371 F.3d 782, 788 (11th Cir. 2004) (petition challenging actions by Florida Parole Commission subject to requirements of § 2254).

While the Court will certainly review the decisions of the state courts in fulfilling its own duties under § 2254, it does not sit as a super-appellate court to determine whether those decisions were inherently correct or whether the state courts followed proper procedures in reaching their conclusions. Instead, this Court will only examine whether Petitioner fairly presented his claims to the state courts to determine exhaustion and, if the claims have been properly exhausted in state court, whether the state court adjudications resulted in decisions (1)

which were contrary to or involved an unreasonable application of United States Supreme Court law or (2) that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The state courts themselves are not proper parties to this action, and therefore, the Attorney General, who certainly may, in the appropriate situation, represent the interests of those courts, is likewise not a proper party to this habeas proceeding. The Court can find no authority to the contrary, and the Attorney General's status as the principle law officer of the State of Florida, *Thompson v. Wainwright*, 714 F.2d 1495, 1500 (11th Cir. 1983), does not change the Court's conclusion. This is not a mandamus action, and even if it were, this Court has "no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought...." *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).[1]

Consequently, the Court must once again respectfully **RECOMMEND** that the motion to dismiss, Doc. 25, be **GRANTED**, and that the Attorney General be **DISMISSED** from this action.

**DONE AND ORDERED** this  *4th*  day of October, 2007.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

---

[1]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit which were handed down before the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Case No: 1:05-cv-00178-MP-AK*